# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2016AP318-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Edward W. Matchett, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, |
| | v. |
| | Edward W. Matchett, Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST MATCHETT

---

| | |
|---|---|
| OPINION FILED: | May 10, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP318-D

STATE OF WISCONSIN     :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Edward W. Matchett, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Edward W. Matchett,**

        **Respondent.**

**FILED**

**MAY 10, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review a stipulation pursuant to Supreme Court Rule (SCR) 22.12 between the Office of Lawyer Regulation (OLR) and Attorney Edward W. Matchett. In the stipulation, Attorney Matchett agrees with the OLR's position that his misconduct warrants the imposition of a public reprimand as discipline reciprocal to that imposed on him in Arizona.

¶2 After fully reviewing the stipulation and the facts of this matter, we accept the stipulation and impose the public reprimand jointly requested by the parties.

¶3 Attorney Matchett was admitted to practice law in Wisconsin in 1989. Attorney Matchett's Wisconsin disciplinary history consists of a 2007 private reprimand for a lack of diligence and communication in a criminal matter, as reciprocal discipline from another state. OLR Private Reprimand 2007-21. Attorney Matchett is also admitted to practice law in Arizona and practices in Douglas, Arizona.

¶4 On December 23, 2014, the Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona admonished Attorney Matchett for failing to file a notice of appearance in a probate matter, failing to check the legal status of a client's claim, failing to ask the Personal Representative's attorney to copy him on documents, and failing to find and cite a specific dispositive case to the court, resulting in unnecessary motions and an appeal. The Arizona Supreme Court found these acts violated ERs 1.3[1] (diligence) and 8.4(d)[2]

---

[1] Arizona Supreme Court Rule 42, ER 8.4 states that "A lawyer shall act with reasonable diligence and promptness in representing a client."

2

(conduct prejudicial to the administration of justice) of the Arizona Rules of Professional Conduct, Rule 42, Ariz.R.Sup.Ct. Attorney Matchett failed to notify the OLR of the Arizona admonition within 20 days of its effective date.

¶5 On February 15, 2016, the OLR filed a complaint alleging that, by virtue of the Arizona admonition, Attorney Matchett is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[3] The complaint further alleged that by

---

[2] Arizona Supreme Court Rule 42, ER 8.4 states in relevant part: "It is professional misconduct for a lawyer to: . . . (d) engage in conduct that is prejudicial to the administration of justice."

[3] SCR 22.22 provides that:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(continued)

3

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub.(3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(continued)

4

failing to notify the OLR of his admonition in Arizona for professional misconduct within 20 days of the effective date of its imposition, Attorney Matchett violated SCR 22.22(1). The OLR asked this court to issue an order directing Attorney Matchett to inform the court of any claim by him predicated upon the grounds set forth in SCR 22.22(3) that imposition of discipline reciprocal to that imposed in Arizona would be unwarranted.

¶6 On March 18, 2016, the parties filed a jointly executed stipulation whereby Attorney Matchett agrees that by virtue of the Arizona admonition, he is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. He agrees that the factual allegations contained in the OLR's complaint are accurate and that he committed the professional misconduct charged in the complaint. The stipulation states that Attorney Matchett does not claim any of the defenses set forth in SCR 22.22(3)(a)-(c). The stipulation states that Attorney Matchett fully understands the nature of the misconduct allegations against him, his right to contest those allegations, and the ramifications that would follow from this court's imposition of

---

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

5

the stipulated level of discipline. The stipulation indicates that Attorney Matchett understands his right to counsel and verifies that he is entering into the stipulation knowingly and voluntarily and that his entry into the stipulation represents his decision not to contest this matter. He agrees that it would be appropriate for this court to publicly reprimand him.

¶7 Having carefully considered this matter, we approve the stipulation, adopt the stipulated facts and legal conclusions of professional misconduct, and we publicly reprimand Attorney Matchett. Because Attorney Matchett entered into a comprehensive stipulation under SCR 22.12 and no referee was needed, we do not impose any costs in this matter.

¶8 IT IS ORDERED that Edward W. Matchett is publicly reprimanded.